liPER CURIAM.
Writ granted. The judgment of the Louisiana Third Circuit Court of Appeal is reversed, and the judgment of the trial court is reinstated.
On October 9, 1992, Louis L. Robbins, a police officer with the City of Rayne, filed a false report with the Acadia Parish Sheriffs Office stating that his boat, worth $4,200, had been stolen. On October 16, 1992, Robbins visited his State Farm insurance agent in Rayne, to inform him that the boat had been reported stolen and to inquire about coverage. When the agent told him that the boat was not covered, Robbins reacted with shock, stating that he would sustain losses between $4,000 and $5,000. Due to the lack of coverage, Robbins filed no claim.
In March 1993, after an investigation by the Louisiana State Police, Robbins pled nolo contendere to a misdemeanor charge of false and fraudulent claims in accordance with La. Code Crim.P. art. 894. He was sentenced to pay a $250 fine, plus costs, and was placed on three-months probation. At the end of the probationary period, the conviction was set aside in accordance with Article 894, and an acquittal was entered on July 19, 1993.
By letter dated June 4, 1993, Robbins was terminated by the City of Rayne. Although he denied any wrong doing, his termination was upheld by the City of Rayne Civil Service Board and the district court. The court of appeal reversed in an unpublished opinion, giving two reasons: (1) Robbins was not informed in writing of the grounds for his dismissal with sufficient specificity; and (2) the charge against Robbins for misconduct that he “presented a statement in support of a claim for payment of benefits of [an] insurance policy, knowing that such ^statement contained false information,” was not proven because the evidence shows Robbins never actually filed an insurance claim.
*1039 The court of appeal erred in both aspects of its ruling. First, Robbins has never argued in brief before the Board or any court that he was not properly advised in writing of the charges brought against him. In its June 4 letter, the City gave the reasons for his dismissal, attaching the entire investigative file in support. Clearly, Robbins was properly advised of the charges against him. He was even given all of the evidence to support the charges. Further, any possible deficiency in the City’s notification was clearly waived by Robbins’ failure to protest, in writing, at any time before the Board or any court.
Second, the court of appeal erred in concluding that it was necessary for Robbins to actually file an insurance claim in order to commit the “misconduct” cited by the City. The City’s charge of misconduct focuses on the filing of a false statement with the Acadia Parish Sheriffs office that his boat had been stolen, evidencing a clear intent to file an insurance claim with State Farm. As previously stated, Robbins was upset to find that he had no coverage for the boat, and therefore, did not actually file the claim. Nevertheless, the City’s letter stated that the misconduct was presenting a statement to the Sheriff’s office knowing that the statement contained false information. Robbins had no doubt about the City’s charge, since the entire investigative file, including information that no insurance claim was actually filed, was attached to the termination letter.
For these reasons, the judgment of the Louisiana Third Circuit Court of Appeal is reversed. The judgment of the trial court, dated June 14, 1994, upholding the decision of the City of Rayne Police Civil Service Board is reinstated. All costs are assessed to Louis L. Robbins.
REVERSED.
CALOGERO, C.J., would grant and docket.